OPINION
{¶ 1} Defendant-appellant, Jerome J. Webb, Jr. ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas in which the court denied his petition for post-conviction relief.
 {¶ 2} In 2003, appellant pled guilty to two counts of rape and stipulated to the sexual predator classification.[1] The trial court, pursuant to a joint recommendation of defense counsel and plaintiff-appellee, the State of Ohio, sentenced appellant to eight years on each count, to be served consecutively. *Page 2 
 {¶ 3} On April 17, 2006, appellant filed a "Petition to Vacate or Set Aside Sentence Pursuant to ORC 2953.23," alleging that he should be resentenced to concurrent sentences pursuant to State v. Foster, 109 Ohio St.3d.1, 2006-Ohio-856, certiorari denied (2006), 127 S.Ct. 442. On June 13, 2006, the trial court denied the petition on the basis that it was untimely. Appellant appeals the judgment of the trial court, and brings the following single assignment of error for our review:
 The court erred by denying the Defendant's petition for Post-Conviction Relief when the Defendant proved that Post-Conviction was the proper remedy, petition was timely filed, and Defendant presented proved grounds of sentence being contrary to law, and therefore was a due process violation, and by such denial creates INEQUITY which constituted MANIFEST INJUSTICE.
 {¶ 4} "[W]here a criminal defendant, subsequent to his direct appeal, files a motion seeking to vacate or correct his sentence on the basis that his constitutional rights have been violated, such a motion is deemed a petition for post-conviction relief." State v. Hall, Franklin App. No. 05AP-957, 2006-Ohio-2742, motion denied by,111 Ohio St.3d 1429, 2006-Ohio-5351, at ¶ 8, citing State v. Reynolds (1997),79 Ohio St.3d 158, 160. R.C. 2953.21(A)(2) provides that if no direct appeal is taken, a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the expiration of the time for filing an appeal."
 {¶ 5} After sentencing and well beyond the time to file a direct appeal expired, appellant filed the instant petition. Construed as a petition for post-conviction relief, appellant's motion is untimely. R.C. 2953.23(A) provides that a court may not entertain an untimely petition unless the exceptions for filing an untimely petition under R.C. *Page 3 2953.23(A) are met. Appellant meets none of the exceptions for filing an untimely petition pursuant to R.C. 2953.23(A), therefore, the trial court lacked jurisdiction to consider appellant's motion as a petition for post-conviction relief.
 {¶ 6} As is relevant here, R.C. 2953.23(A) provides that a court may not entertain an untimely petition unless, the petitioner demonstrates both of the following: (1) that subsequent to the period prescribed in R.C. 2953.21(A)(2), the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in appellant's situation, and the petition asserts a claim based on that right; and (2) by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found appellant guilty of the offenses for which he was convicted. State v.I'Juju, Franklin App. No. 06AP-452, 2006-Ohio-6436. As this court has concluded, because Blakely v. Washington, 524 U.S. 296, 124 S.Ct. 2531, does not recognize a new federal or state right that applies retroactively to R.C. 2953.21 post-conviction claims, Foster, which is premised on Blakely, similarly does not apply retroactively to R.C.2953.21 post-conviction claims. See, e.g., State v. Williams, Franklin App. No. 06AP-842, 2007-Ohio-1015, at ¶ 17; State v. Senu-Oke, Franklin App. No. 05AP-1111, 2007-Ohio-756, at ¶ 13. Appellant, therefore, has failed to establish that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him, a condition that appellant was required to meet under R.C. 2953.23(A)(1) to allow the trial court to entertain his untimely post-conviction petitions. As a result of appellant's failure to satisfy the requirements of R.C. 2953.23(A)(1)(a), his motion was untimely, and the trial court lacked jurisdiction to consider his motion as a petition for post-conviction relief. *Page 4 
 {¶ 7} We further note that appellant's sentence was the result of a joint sentencing recommendation. R.C. 2953.08(D), which was not severed by the court's decision in Foster, states that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." The court in State v. Porterfield, 106 Ohio St.3d 5,10, 2005-Ohio-3095, at ¶ 25, opined that "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." In this case, the sentence imposed by the trial court fell within the statutory range and, therefore, was authorized by law. Because appellant's sentence was jointly recommended and authorized by law, R.C.2953.08(D) precludes review of same.
 {¶ 8} Based on the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
PETREE and KLATT, JJ., concur.
[1] Appellant's victim was a seven-year-old girl. *Page 1