DECISION AND JUDGMENT ENTRY
{¶ 1} This is the second time that this cause comes on appeal from a judgment of the Lucas County Court of Common Pleas. See State v.Nguyen, 157 Ohio App.3d 482, 2004-Ohio-2879. Briefly, the facts relevant to this cause are as follows.
 {¶ 2} Trooper Stacey Arnold of the Ohio State Highway Patrol and her drug dog, Ringo, were patrolling the Ohio Turnpike on the morning of January 1, 2003. At *Page 2 
approximately 8:00 a.m., the trooper saw a motor vehicle traveling at an unusually slow rate of speed for the existing road conditions. Trooper Arnold also noted that appellant, who was the driver of the motor vehicle, "was very rigid, staring straight ahead, and was driving with both hands on the steering wheel." Id. at ¶ 2.
 {¶ 3} Her suspicions aroused, the trooper followed the vehicle and watched it drift over the right edge line of the road and then drift back onto the dotted line. Deciding that these movements were a marked lane violation under R.C. 4511.33, Arnold initiated a traffic stop of the vehicle.
 {¶ 4} Because of a number of things that she observed during the stop, the trooper suspected criminal activity and began questioning appellant and his passengers about their destination. She asked Nguyen, who would not look at her and was so nervous that his hands were trembling, for his driver's license and the vehicle's registration. Neither appellant nor his passengers were able to locate the vehicle's registration.
 {¶ 5} As she was speaking with appellant, Trooper Arnold noticed "two large, full, hockey style bags with a blanket thrown over them in the rear of the cargo area" of the vehicle. Id. at ¶ 6. Relying on her experience and training, the trooper believed that the bags contained illegal drugs. She therefore called for a back up unit. When the unit arrived, Arnold walked Ringo around vehicle; "he immediately alerted at the left rear portion of the cargo area." Id. at ¶ 7. After ordering appellant and his passengers out of the vehicle, the trooper lifted "the back hatch, pulled out the duffel bags, and opened *Page 3 
them. The bags contained more than 100 pounds of B.C. (British Columbia) bud marijuana." Id.
 {¶ 6} The trooper arrested appellant and his passengers. Subsequently, they were each charged "with one count of trafficking in marijuana, a violation of R.C. 2925.03(A) and R.C. 2925.03(C)(3)(f), and one count of possession of marijuana, a violation of R.C. 2925.11(A) and (C)(3)(f)." Id. at ¶ 8.
 {¶ 7} During the proceedings below, appellant filed several motions, including a motion to suppress any physical evidence, that is, the marijuana, seized. He asserted that the stop, detention, and search of the vehicle he was driving violated the Fourth Amendment to the United States Constitution; therefore, the trooper lacked probable cause to search the vehicle. The trial court denied this motion. In one of his discovery motions, appellant requested Ringo's "real world reports," which could be used to establish the dog's reliability in detecting drugs. The state of Ohio provided appellant with some, but not all, of the requested reports.
 {¶ 8} Appellant then filed a motion asking the trial court to compel the state to produce the undisclosed real world reports. After holding a hearing, the trial court found that all of the drug dog's real world reports were discoverable pursuant to Crim.R. 16(B)(1)(c). The state filed a motion for leave to appeal, which was granted by this court. We reversed the judgment of the trial court, and remanded this cause for further proceedings. Id. at ¶ 64. *Page 4 
 {¶ 9} Upon our remand, appellant filed a number of motions, including (1) a second motion to suppress any statements made by appellant that violated his rights under the Fourth, Fifth, and Sixth Amendments to the United States Constitution and Section 10, Article I, Ohio Constitution; (2) a motion in limine asking the court to exclude any evidence of a canine alert; and (3) a motion for severance. The trial court denied the first two motions, but granted appellant's motion for a separate trial.
 {¶ 10} On September 20, 2005, appellant withdrew his plea of not guilty and, pursuant to North Carolina v. Alford (1970), 400 U.S. 25, entered a plea of guilty to the lesser included offense of attempted possession of marijuana, in violation of R.C. 2923.02 and 2925.11(A) and (C)(3)(f), a felony of the third degree. Both appellant and the state waived any rights to a presentence investigation and report. Appellant was sentenced to an agreed upon/jointly recommended sentence of five years in prison.
 {¶ 11} Thereafter, appellant filed a motion for leave to file a delayed criminal appeal pursuant to App.R. 5(A). On January 3, 2006, we granted appellant's motion and appointed counsel for the purpose of representing appellant in this appeal. Appointed counsel submitted a brief pursuant to Anders v. California (1967), 386 U.S. 738.
 {¶ 12} Anders and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. This request, *Page 5 
however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. State v. Boudreau, 6th Dist. No. L-04-1277, 2005-Ohio-3351, ¶ 6. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id. at ¶ 11.
 {¶ 13} In the case before us, appointed counsel for appellant satisfied the requirements set forth in Anders.[1] Appellate counsel did notify appellant, who filed his own supplementary brief, but later withdrew that brief. Counsel asserts that after thoroughly examining the record from the proceedings below and researching the applicable law, he could find no meritorious grounds for an appeal. However, counsel for appellant asserts, in compliance with the mandates of Anders, sets forth two arguable assignments of error: *Page 6 
 {¶ 14} "Appellant was denied effective assistance of counsel and thus was deprived of his rights under the Constitutions of the United States and state of Ohio."
 {¶ 15} "Appellant was sentenced pursuant to an unconstitutional statute and the judge's findings during sentencing deprived appellant to his rights to fundamental fairness with respect to prosecution and sentencing, thus violating his Sixth Amendment Rights."
 {¶ 16} Accordingly, we shall proceed with an examination of the arguable assignments of error set forth by counsel for appellant and of the entire record below in order to determine whether this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 17} In his first potential assignment of error, appellant contends that his trial counsel was ineffective because the trial court denied his motion to suppress the evidence obtained from an illegal search and seizure in violation of the Fourth Amendment to the United States Constitution.
 {¶ 18} An Alford plea is procedurally indistinguishable from a guilty plea and waives all alleged errors, including the denial of a motion to suppress, committed at trial except those errors that may have affected the entry of a defendant's plea pursuant to Crim.R. 11. State v.Leasure, 6th Dist. No. L-05-1260, 2007-Ohio-100, ¶ 7 (citations omitted). See, also, State v. McQueeney, 148 Ohio App.3d 606,2002-Ohio-3731, ¶ 13. Furthermore, on appeal, a defendant who enters a guilty plea may only raise ineffective assistance of counsel in relationship to whether counsel caused the defendant's plea to be less than knowing and voluntary. Id. at ¶ 8. (Citations omitted.) *Page 7 
 {¶ 19} Here, appellant maintains that his trial counsel was ineffective due to the denial of his motion to suppress. Because he entered an Alford guilty plea, appellant waived his right to raise this issue on appeal. Leasure at ¶ 7. Nevertheless, pursuant toAnders, this court must conduct a full examination of the proceedings below to determine if this appeal is wholly frivolous. Therefore, we shall examine appellant's change of plea hearing for the purpose of a deciding whether appellant's trial counsel caused his guilty plea to be less than knowing and voluntary.
 {¶ 20} In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C). If a defendant's guilty plea is not voluntary and knowing, it was obtained in violation of due process and is, therefore, void. Boykin v. Alabama (1969),395 U.S. 238, 243, fn. 5.
 {¶ 21} A trial court must strictly comply with Crim. R. 11(C)(2)(c) as it pertains to the waiver of federal constitutional rights. State v.Nero (1990), 56 Ohio St.3d 106. These include the right to trial by jury, the right of confrontation, and the privilege against self-incrimination. Id. at 107, citing Boykin v. Alabama,395 U.S. at 243-244. Substantial compliance with Crim. R. 11(C) is sufficient when waiving nonconstitutional rights. Id. at 108. These nonconstitutional rights include the defendant's right to be informed of the nature of the charges against him with an understanding of the law in relation to the facts, the maximum penalty for the charged offense, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. Crim. R. 11(C)(2)(a) and (C)(2)(b). Substantial compliance occurs when, under the totality of *Page 8 
the circumstances, the defendant subjectively understands the rights he is waiving and the implications of his plea. Id. at 107.
 {¶ 22} In the case under consideration, appellant is Vietnamese; therefore, an interpreter who speaks Vietnamese was present at the change of plea hearing to aid appellant in entering a knowing and voluntary plea. The court inquired as to appellant's age and education and whether or not he was under the influence of alcohol or drugs. Appellant indicated that he was 38 years old and had an eighth grade education. He stated that he was not under the influence of alcohol or drugs at the time of the hearing.
 {¶ 23} The judge then explained the nature of the charged offense and the maximum penalty appellant could receive. He further informed appellant of the following: (1) his motor vehicle operators license would be suspended for a period no less than six months nor more than five years; (2) appellant was required to serve the entire five years and could possibly be subject to three years of post-release control; (3) the court could impose a fine of up to $10,000; (4) that for any violation of the restrictions placed on appellant after his release from prison, he could be returned to prison for up to nine months for each violation or, if the violation was a felony, to greater than one year in prison or the time remaining on post release control; and (5) that appellant would be tried on the new felony. Finding that appellant was not a United States citizen, the court told him that the consequences of his conviction could lead to deportation or the denial of naturalization. After each above listed explanations, the trial judge asked appellant if he understood, and appellant replied, "Yes." Based on the *Page 9 
foregoing, we can only conclude that the trial court substantially complied with Crim.R. 11(C)(2)(a) and (b).
 {¶ 24} With regard to the question of whether the common pleas court apprised appellant of the effect of a guilty plea on his constitutional rights, as mandated under Crim.R. 11(C)(2)(c), the court asked whether appellant realized that by pleading guilty he was waiving his right to a jury trial, to confront and cross-examine witnesses against him, and to use the power of the court to obtain witnesses to testify on appellant's behalf. Appellant replied "Yes" to each query. The court also asked appellant if he understood that by entering a guilty plea the state was no longer required to prove his guilt beyond a reason doubt at a trial wherein appellant could not be compelled to testify against himself. After each of these questions, appellant again indicated that he understood this waiver of his constitutional rights by answering "Yes." Thus, the trial court satisfied the duty imposed by Crim.R. 11(C)(2)(c).[2]
 {¶ 25} Accordingly, a reading of the transcript of the change of plea hearing reveals that trial counsel did nothing to cause appellant's entry of an AIford guilty plea to be less than knowing and voluntary.State v. Leasure, 2007-Ohio-100 at ¶ 15. Consequently, because appellant knowingly and voluntarily entered a guilty plea, his first potential assignment of error lacks merit. *Page 10 
 {¶ 26} In his second arguable assignment of error, appellant acknowledges the fact that he entered into an agreed upon sentence of five years pursuant to R.C. 2953.08(D). Nonetheless, he claims that because the trial court made findings concerning sentencing and offered reasons that played a role in the court's decision to accept appellant's guilty plea, his five year sentence should be overturned on appeal pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 27} The Foster court determined that certain provisions of Ohio's sentencing statute that required a sentencing court to make findings and, in some instances, reasons for those findings, were unconstitutional. See, e.g., Id. at paragraph one of the syllabus (Finding R.C. 2929.14(B) and (C) and 2929.19(B)(2) unconstitutional because they require judicial fact-finding before imposing a sentence greater than the maximum term authorized by a jury verdict or an admission of the defendant).
 {¶ 28} R.C. 2953.08(D) provides, in material part:
 {¶ 29} "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 30} Thus, under this statute an appellate court has a limited ability to review agreed upon/jointly recommended sentences. State v.Spurling, 1st Dist. No. C-060087, 2007-Ohio-858, ¶ 15. A sentence is authorized by law when "it is within the statutory range of possible sentences and does not exceed the maximum term authorized for the offense." State v. Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 25. As a result, R.C. *Page 11 2953.08(D) precludes an appellate court from engaging in a review of any agreed sentence so long as it is within the statutory range, "even ifFoster is implicated." State v. Simmons, 1st Dist. No. C-050817,2006-Ohio-5760, ¶ 4, citing State v. Jackson, 8th Dist. No. 86506,2006-Ohio-3165, 51-53. See, also, State v. Webb, 10th Dist. No. 06AP-919, 2007-Ohio-1420, ¶ 7.
 {¶ 31} As applied to the case before us, the five year sentence imposed upon appellant is within the statutory range for a felony of the third degree. See R.C. 2929.14(A)(3). Therefore, despite any unnecessary findings made by the trial judge, this court lacks the authority to review appellant's sentence. Consequently, appellant's second potential assignment of error lacks merit.
 {¶ 32} After engaging in further independent review of the record, we conclude that there are no other grounds for a meritorious appeal. Appellate counsel's motion to withdraw is found well-taken and is, hereby, granted. Judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 12 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR.
[1] Although appointed counsel did not file a separate motion to withdraw, we find that the request for withdrawal is implicit in hisAnders brief. Specifically, counsel's appellate brief contains an extensive summary of the record and sets forth the legal contentions that could be based upon it. It also explains counsel's reasons for concluding that these possible contentions are without any basis. Thus, the brief clearly shows that counsel acted as an advocate for appellant but wished to withdraw because he could find no possible grounds for appeal.
[2] Appellant also signed a plea form acknowledging that he was informed of, understood, and waived all of the rights denoted in Crim.R. 11(C)(2). *Page 1