OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Melvin Bradley, filed August 24, 2006. On May 11, 2006, Bradley was indicted by a Greene County Grand Jury on one count of kidnaping, in violation of R.C. 2905.01(A)(4), with a sexual motivation specification (R.C. 2941.147) as well as a sexually violent predator specification (R.C. *Page 2 2941.148); one count of aggravated burglary, in violation of R.C.2911.11(A)(1); and one count of attempted rape of a victim under thirteen years of age, in violation of R.C. 2923.02 and2907.02(A)(1)(b), with a sexually violent predator specification (R.C.2941.148).
 {¶ 2} The events giving rise to this matter began on May 3, 2006, when Vickie Howell, a Xenia school bus driver, dropped off the juvenile victim herein, T.R., in front of her home on Lexington Ave. From a few feet away, walking near the bus, Howell and T.R. observed a young black male with light to medium skin tone and a small build, wearing a white tank top, blue jeans with a white area on the left leg, and white shoes. Howell commented to T.R. that she thought the man's muscular arms were attractive. About 35 minutes later, Howell, who lived near T.R., found T.R. outside crying. T.R. told Howell that the man they had observed had followed her into her home and attacked her. Howell described the man they had seen to the police. The man, appellant herein, was found and detained by police based on Howell's description. A show up identification procedure took place shortly thereafter. Howell identified appellant as the man she had seen walking near the bus, and T.R. identified him as her attacker.
 {¶ 3} On July 7, 2006, Bradley filed a "Motion to Suppress and Motion in Limine." The motion was overruled. On July 28, 2006, Bradley entered a guilty plea, pursuant to North Carolina v. Alford (1970), 400 U.S. 25,91 S.Ct. 160, to count one of the indictment, kidnaping with sexual motivation and sexually violent predator specifications, and the State dismissed the remaining charges against him. Bradley was designated a sexual predator and sentenced to an indefinite period of life, 10 years of which is a mandatory minimum term.
 {¶ 4} Bradley asserts one assignment of error as follows:
 {¶ 5} "THE TRIAL COURT ERRORED [sic] IN OVERRULING DEFENDANT'S *Page 3 
MOTION TO SUPPRESS IDENTIFICATION. THE DEFENDANT'S IDENTIFICATION WAS SUGGESTIVE AND UNRELIABLE DUE TO THE SHOWUP IDENTIFICATION USED. THE TRIAL COURT ERRORED [sic] BY ALLOWING THIS HIGHLY, PREJUDICIAL AND UNRELIABLE SHOWUP FOR PURPOSE OF THIS DEFENDANT'S IDENTIFICATION."
 {¶ 6} "An Alford plea is procedurally indistinguishable from a guilty plea and waives all alleged errors, including the denial of a motion to suppress, committed at trial except those errors that may have affected the entry of a defendant's plea pursuant to Crim. R. 11." (Internal citations omitted). State v. Nguyen, Lucas App. No. L-05-1369,2007-Ohio-2034. Since Bradley waived his right to assign error to the trial court's denial of his motion to suppress, the judgment of the trial court is affirmed.
FAIN, J. and WALTERS, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1