[Cite as *State v. Phelps*, 2015-Ohio-5288.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 14 BE 17 |
| V. | ) | |
| | ) | OPINION |
| BRANDON MICHAEL PHELPS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Court of Common
                                 Pleas of Belmont County, Ohio
                                 Case No. 12CR248, 14CR81

JUDGMENT:                        Affirmed

APPEARANCES:
For Plaintiff-Appellee           No brief filed.

For Defendant-Appellant          Attorney R. Aaron Miller
                                 329 North Fourth Street
                                 Steubenville, Ohio 43952

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                                 Dated: December 1, 2015

DONOFRIO, P.J.

{¶1} Defendant-appellant, Brandon Phelps, appeals from a Belmont County Common Pleas Court judgment convicting him of complicity to involuntary manslaughter and aggravated burglary following his Alford pleas of guilty.

{¶2} On October 10, 2012, a Belmont County Grand Jury indicted appellant on four counts of aggravated murder, first-degree felonies in violation of R.C. 2903.01(B), all with death penalty specifications; one count of aggravated burglary, a first-degree felony in violation of R.C. 2911.11(A)(1); and one count of burglary, a second-degree felony in violation of R.C. 2911.12(A)(1). Appellant entered a not guilty plea to the indictment.

{¶3} The indictment stemmed from the murder of Lydia Ashworth in June 2012. Also implicated was co-defendant Devon Fuller.

{¶4} On April 3, 2014, appellant entered into a plea agreement with plaintiff-appellee, the State of Ohio. Pursuant to the plea agreement, the State dismissed all charges and death penalty specifications except for Count II, which it amended from aggravated murder to complicity to involuntary manslaughter, a first-degree felony in violation of R.C. 2923.03(A)(2) and R.C. 2903.04(A). Appellant was also charged by way of a bill of information with one count of aggravated burglary, a first-degree felony in violation of R.C. 2911.11(A)(2).

{¶5} Appellant entered an Alford plea of guilty to the amended charge of complicity to involuntary manslaughter and the charge of aggravated burglary. The trial court accepted his plea and entered a finding of guilt.

{¶6} The trial court subsequently sentenced appellant to ten years in prison on each count to be served consecutively for a total sentence of 20 years.

{¶7} Appellant filed a timely notice of appeal on April 21, 2014. He now raises two assignments of error.

{¶8} Appellant's first assignment of error states:

APPELLANT'S ENTRY OF AN "ALFORD PLEA" WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED AND THEREFORE DEFENDANT'S CONVICTION MUST BE VACATED.

**{¶9}** Appellant asserts he did not enter his plea knowingly, intelligently, and voluntarily. He argues that the trial court was required to resolve the inherent conflict between his protestation of innocence and his plea. He states that the court never discussed the nature of an Alford plea and its consequences. Because he entered an Alford plea, appellant asserts the trial court was required to conduct a heightened inquiry before accepting his plea, which he asserts the court did not do.

**{¶10}** An Alford plea is a guilty plea made in accordance with *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970), whereby the defendant pleads guilty but maintains that he did not commit the crime that he is pleading to. An Alford plea is "merely a species of guilty plea" and is "procedurally indistinguishable" from a guilty plea. *State v. Carter*, 124 Ohio App.3d 423, 429, 706 N.E.2d 409 (2d Dist.1997); *State v. Nguyen*, 6th Dist. No. L-05-1369, 2007-Ohio-2034, ¶18. "The defendant's purpose for entering an Alford plea is to avoid the risk of a longer sentence by agreeing to plead guilty to a lesser offense or for fear of the consequences of a jury trial, or both." *State v. Bailey*, 1st Dist. No. C-030916, 2004-Ohio-6427, ¶7.

**{¶11}** By entering an Alford plea the defendant waives review of all alleged errors, except those errors that may have affected the entry of the plea pursuant to Crim.R. 11. *Nguyen*, 2007-Ohio-2034, ¶18; *State v. Lewis*, 7th Dist. No. 97CA161, 1999 WL 599280 (July 30, 1999).

**{¶12}** A trial court may accept a guilty plea with a protestation of innocence when "a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." *Alford*, 400 U.S. at 37.

**{¶13}** At the change of plea hearing, appellant was represented by two attorneys. One of appellant's attorneys advised the court:

> He'll enter a plea of guilty by way of <u>Alford vs. North Carolina</u>. We stipulate that the Complaints and the Indictment and the Information have sufficient information to make a finding of guilt. It is not necessary for the State to make a separate, independent presentation of evidence.

He is doing this by way of <u>Alford</u> because his counsel, Mr. Blakeslee and I, have advised him that the State does have sufficient evidence in Case No. 12-CR-248 that, if presented to a jury, could bring him a more severe penalty than has been recommended, and that it is in his best interest to enter these pleas.

(Change of Plea Tr. 13-14). The court asked co-counsel if he agreed with this statement and co-counsel indicated that he did agree. (Change of Plea Tr. 14). The court then clarified, "So the plea is of - - one of guilty in accordance with the explanation provided." (Change of Plea Tr. 14). To which appellant's counsel responded, "That's correct." (Change of Plea Tr. 14).

**{¶14}** The court then addressed appellant regarding his rights and other matters. In so doing, the court asked appellant if he understood that by pleading guilty "even with the Alford plea" he was admitting the facts as stated in the amended indictment. (Change of Plea Tr. 17). Appellant stated that he understood. (Change of Plea Tr. 17). The court continued its colloquy with appellant regarding various rights and information. Finally, the court asked appellant to execute the two guilty plea forms. (Change of Plea Tr. 20). The record indicates that appellant signed the two forms. (Change of Plea Tr. 20). The court found that appellant entered his plea knowingly, voluntarily, and intelligently. (Change of Plea Tr. 21). The court then accepted appellant's pleas and found him guilty of involuntary manslaughter and aggravated burglary. (Change of Plea Tr. 21).

**{¶15}** Here, appellant's counsel stipulated that the complaints, indictment, and information had sufficient information to make a finding of guilt. Counsel then waived the requirement for the state to make a separate presentation of evidence.

**{¶16}** In *State v. McCann*, 4th Dist. No. 10CA12, 2011-Ohio-3339, ¶7, the defendant argued on appeal that there was no factual basis for his plea and, therefore, the trial court should not have accepted his Alford plea. The Fourth District disagreed. The appellate court found that the parties stipulated to the facts supporting the appellant's Alford plea. *Id.* at ¶11. The stipulation was a statement by

defense counsel that the defense accepted the facts as they appeared in the indictment with the exception of the fact that the defendant acted knowingly. *Id.* The appellate court reviewed the facts set out in the indictment and concluded they were "succinct, but covered all elements of the charged offense and specification." *Id.* at ¶12. The court concluded that "trial court needed only to insure that Appellant's Alford plea was supported by a factual basis, which it was. The stipulated facts formed a factual basis for Appellant's plea." *Id.* at ¶13.

**{¶17}** As was the case in *McCann*, appellant's counsel here stipulated to the facts supporting the Alford plea. The trial court also conducted a thorough inquiry of appellant regarding the rights he was waiving, the charges against him, and his satisfaction with his counsel.

**{¶18}** Alford pleas, like all pleas, must meet the general requirement that the defendant knowingly, voluntarily, and intelligently waived his or her right to trial. *State v. Carey*, 3d Dist. No. 14-10-25, 2011-Ohio-1998, ¶7. "[A]n Alford plea places a heightened duty upon the trial court to ensure that the defendant's rights are protected and that entering the plea is a rational decision on the part of the defendant." *Id.*

**{¶19}** When determining the voluntariness of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Trubee*, 3d Dist. No. 9-03-65, 2005-Ohio-552, ¶8, citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463 (1970). Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, ¶11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709 (1969).

**{¶20}** A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of federal constitutional rights. *Martinez*, supra, ¶12. These rights include the

right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to proof of guilt beyond a reasonable doubt.  Crim.R. 11(C)(2)(c).

{¶21} In this case, the court strictly complied with Crim.R. 11(C)(2) in informing appellant of the constitutional rights he was waiving by entering a guilty plea.  Before accepting appellant's plea, the trial court informed appellant that by pleading guilty he was waiving his right to have the state prove its case beyond a reasonable doubt, his right to a jury trial, his right to subpoena witnesses to assist him, his right to cross-examine witnesses against him, and his right to remain silent at trial.  (Change of Plea Tr. 17-18).  Appellant indicated that he understood that he was giving up each of these rights.  (Change of Plea Tr. 17-18).

{¶22} A trial court need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights such as informing the defendant of "the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence."  *Martinez*, supra, ¶12, citing Crim.R. 11(C)(2)(a)(b).

{¶23} The trial court substantially complied with Crim.R. 11(C)(2) in informing appellant of his non-constitutional rights. The court informed appellant of the nature of the charges against him. (Change of Plea Tr. 17). Appellant told the court that he understood the charges.  (Change of Plea Tr. 16).  Appellant also indicated that he understood the maximum penalty and that he understood the court could order his sentences to run consecutively.  (Change of Plea Tr. 16).  And the court informed appellant that it could proceed immediately to sentencing.  (Change of Plea Tr. 19).

{¶24} Thus, the trial court complied with Crim.R. 11(C)(2) in accepting appellant's plea.

{¶25} Accordingly, appellant's first assignment of error is without merit.

{¶26} Appellant's second assignment of error states:

THE TRIAL COURT COMMITTED PLAIN ERROR BY

ACCEPTING APPELLANT'S "ALFORD PLEA" WHEN THERE WERE NOT SUBSTANTIAL FACTS SUFFICIENT TO SUPPORT A CONVICTION.

**{¶27}** Appellant asserts that prior to accepting an Alford plea, the trial court is to require the state to show a basic factual framework for the charge and the plea. He contends that in this case the trial court did not require the state to make the required factual presentation due to the stipulation by the prosecutor and defense counsel. Appellant argues, however, that the requirement for a factual presentation is for the accused's benefit and is part of making a knowing, intelligent, and voluntary plea. Appellant further argues that, in this case, the facts that the prosecutor did present indicated that appellant was possibly innocent given that he began to engage in criminal activity and then abandoned that conduct. Therefore, appellant asserts, there was no evidence that he committed or was complicit to involuntary manslaughter.

**{¶28}** Prior to accepting the plea, the trial court stated that it was allowing the indictment to be amended and certain charges dropped based on its "express understanding that [appellant] was not the individual who caused the injuries which resulted in death." (Change of Plea Tr. 2). It was also the court's express understanding, "that [appellant] was not involved at all in any rape." (Change of Plea Tr. 2). The court asked the prosecutor if it was correct that appellant's co-defendant, Fuller, was the individual who caused the victim's death and, if there was a rape, it was Fuller who did it. (Change of Plea Tr. 3). The prosecutor responded that "one version of the story is that [appellant] actually took off when he saw Fuller doing what he was doing." (Change of Plea Tr. 3). The prosecutor stated that the evidence it had corroborated the court's statements. (Change of Plea Tr. 2-3).

**{¶29}** Later in the proceedings, appellant's counsel stated: "We stipulate that the Complaints and the Indictment and the Information have sufficient information to make a finding of guilt. It is not necessary for the State to make a separate, independent presentation of evidence." (Change of Plea Tr. 13).

**{¶30}** As discussed in appellant's first assignment of error, appellant's counsel stipulated to the facts set out in the complaint, information, and indictment. Thus, the state was not required to present additional evidence.

**{¶31}** Moreover, the prosecutor agreed that appellant may have left the scene when Fuller began committing certain acts that resulted in the victim's death. But this does not prove appellant's innocence of all charges as he seems to assert. Instead, it gives credence to the reduced charge of complicity to involuntary manslaughter instead of a charge of aggravated murder with a death penalty specification as originally charged.

**{¶32}** Accordingly, appellant's second assignment of error is without merit.

**{¶33}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

DeGenaro, J., concurs.