[Cite as *State v. Hayes*, 2016-Ohio-330.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                         Court of Appeals No. L-14-1249

      Appellee                                  Trial Court No. CR0201401129

v.

Leon J. Hayes                                        **DECISION AND JUDGMENT**

      Appellant                                 Decided:  January 29, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Robert P. Soto, for appellant.

* * * * *

**YARBROUGH, J.**

## I.  Introduction

{¶ 1} This is an appeal from a conviction in the Lucas County Court of Common

Pleas on two counts of attempt to commit aggravated arson.

## A. Facts

{¶ 2} On January 1, 2014, appellant's ex-girlfriend hosted a party at her home in Toledo, Ohio. Appellant was not invited to the party but was still in attendance. Appellant arrived at the party either already intoxicated or he became intoxicated after his arrival. Partygoers called the police when appellant became disruptive. Appellant left the party and returned later the same night. At this point, appellant broke a window on the lower level of the house. Appellant left again and returned at 3:00 a.m. Appellant's ex-girlfriend, his daughter, and two others were sleeping in the house. Appellant proceeded to reach through the broken window and poured a flammable liquid into the residence. He then set the liquid on fire. The small fire charred the window before going out on its own. Appellant's ex-girlfriend saw appellant standing outside of the window while this incident took place.

{¶ 3} Appellant was charged with four counts of aggravated arson, a felony of the first degree, in violation of R.C. 2909.02(A)(1) and one count of arson, a felony of the fourth degree, in violation of R.C. 2909.03(A)(1) and (B)(2)(b). He was later charged by information with attempted aggravated arson, a felony of the third degree, in violation of R.C. 2923.02 and 2909.02(A)(2). Appellant entered an *Alford* plea to attempt to commit aggravated arson, a felony of the second degree, and attempt to commit aggravated arson, a felony of the third degree. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The trial court sentenced appellant to six years of prison for each count to run concurrently.

2.

## B. Assignments of Error

{¶ 4} Appellant brings forth four assignments of error for our review:

1. The trial court abused its discretion and committed reversible error in accepting the defendant's plea despite evidence that it was not accepted voluntarily, knowingly, and intelligently.

2. Appellant's trial counsel provided ineffective assistance by misrepresenting the plea offer and inducing his client into accepting a plea based upon this misrepresentation.

3. The indictment is defective because it violates the appellant's constitutional right to due process of law and double jeopardy.

4. The trial court imposed a sentence contrary to law and abused its discretion in imposing the sentences on both counts.

## II. Analysis

## A. Acceptance of Plea

{¶ 5} Appellant first contends that the trial court abused its discretion when it accepted appellant's plea as the plea was not made intelligently, knowingly, or voluntarily. Specifically, appellant argues he was misled by the trial court about the availability of community control as a sentence. A trial court has the sound discretion to accept a plea. *State v. Raymond*, 10th Dist. Franklin No. 05AP-1043, 2006-Ohio-3259, ¶ 10; Crim.R. 11(C)(2). A trial court abuses its discretion when the court commits more than an error of law or judgment, but rather that "the court's attitude is unreasonable,

arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 6} For a plea to be accepted by the trial court, the plea must be given intelligently, knowingly, and voluntarily. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 27. In all felony cases, a trial court is required to address the defendant personally and determine whether the plea is made voluntarily, the defendant understands the charges against him, the possible maximum sentence, and whether the defendant is eligible for probation or community control. *Id.*; Crim.R. 11(C)(2)(a). The trial court must inform the defendant of all rights the defendant is waiving by deciding to plea to the charge rather than pursue the charge at trial. Crim.R. 11(C)(2)(c).

{¶ 7} Appellant argues that because the trial court informed appellant of the possibility of community control, he was led to believe community control as a sanction was likely. Appellant argues that based on this belief, he was induced to make an *Alford* plea. Appellant focuses on a hearing held by the trial court on April 28, 2015. During this hearing, appellant rejected a proposed plea agreement. At the hearing, the trial court informed appellant of all of the possible sanctions he was facing, should the case have continued to trial. Appellant was facing a $25,000 fine and 41.5 years in prison. The trial court stated that the court was aware that no one was hurt and there was minimal damage to the structure itself. The court stated "that's a good thing." The court also informed appellant there was a rebuttable presumption against a prison term for felonies of the second degree.

4.

**{¶ 8}** However, the trial court then stated, "I'd have to hear more about the facts or the background to indicate whether there would ever be a chance that I would consider community control." The court also stated he did not know what the sentence was going to be at that particular time and informed appellant of the factors that he would consider. The trial court stated, "It doesn't matter to me if you take the plea." During the conversation with appellant, the trial court also clearly states it is relaying this information to appellant to ensure he understands the plea agreement.

**{¶ 9}** At a second hearing, appellant accepted a plea agreement offered by the prosecution. A different trial judge formally accepted the plea by appellant. During this hearing, the trial court presented two possible outcomes in terms of sentencing. The first option was the possibility of a prison term of more than 40 years and a $25,000 fine. The second option covered by the trial judge was the option for a period of community control. The trial judge did not indicate that community control was a more likely sanction than penitentiary time but rather informed appellant of its possibility. Appellant was also informed that the trial court was not required to follow the recommendation by the prosecution.

**{¶ 10}** The trial court did not abuse its discretion by accepting appellant's plea and appellant was not misled by the trial court during the course of several hearings. The trial court merely informed appellant of his rights and the possible consequences if the plea was not accepted. The trial court is required to personally address the defendant and determine whether he understood his constitutionally protected rights. The lengthy

discussion the trial court had with appellant did not exert undue pressure on appellant to accept the plea agreement. In fact, during the hearing in which appellant argues the trial court pressured him to accept a plea, appellant did not accept a proposed plea agreement. Further, when community control was spoken about as an option, it was the second option given to appellant. The trial court made no promises about the possible sentence and the trial court did not attempt to induce appellant into accepting a plea. Therefore, we find appellant's first assignment of error not well-taken.

### B. Ineffective Assistance of Counsel

{¶ 11} Appellant's second assignment of error agues he received ineffective assistance of counsel because his trial counsel misrepresented a plea offer to appellant and induced appellant into accepting a plea agreement. To support his claim for ineffective assistance of counsel, appellant must show that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for defense counsel's error, the results of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). On appeal, a defendant may only bring a claim of ineffective assistance of counsel in relationship to whether counsel caused the defendant to be less than knowing and voluntary. *State v. Nguyen*, 6th Dist. Lucas No. L-05-1369, 2007-Ohio-2034, ¶ 18.

{¶ 12} Appellant asserts that trial counsel misrepresented the plea agreement to him and, had this misrepresentation not taken place, he would not have pled to the charges against him. According to appellant, trial counsel told appellant the racial

6.

makeup of the jury was not in his favor and he would likely be convicted if appellant chose to go to trial. Trial counsel also allegedly informed appellant he would likely receive community control as a sentence.

{¶ 13} However, appellant's claims are rebutted by the record. The trial court engaged in a lengthy colloquy with appellant before accepting his *Alford* plea. The trial court specifically asked appellant if he was satisfied with his trial counsel. Appellant signed a written plea form which stated he was satisfied with his representation. Appellant stated on the record that no promises or threats were made to induce his plea. Appellant does not show how any advice he received from his trial counsel fell below an objective standard of reasonableness. Trial counsel informed appellant of what counsel believed would be the likely outcome of the trial. Appellant was free to disregard this advice and proceed to trial. Based on the record, we find appellant's second assignment of error not well-taken.

## C. Indictment

{¶ 14} Appellant's third assignment of error argues his indictment is defective because it violates appellant's constitutional right to due process and double jeopardy. An indictment is only sufficient if it (1) contains the elements of charged offenses, (2) gives the defendant notice of the charges, and (3) protects the defendant against double jeopardy. *Hamling v. United States*, 418 U.S. 87, 118, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). The indictment must give defendant notice of the charges against him. *Russell v. United States*, 369 U.S. 749, 765, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). The indictment

7.

must set forth all of the elements of the charged offense and give a statement of the facts and circumstances of the specific crimes charged. *Id.*

{¶ 15} However, by entering an *Alford* plea appellant waived any alleged error committed at trial, except those errors which affected the entry of appellant's plea. *Nguyen*, 6th Dist. Lucas No. L-05-1369, 2007-Ohio-2034, at ¶ 18. Furthermore, an objection to an indictment or information must be made prior to the commencement of trial or with leave of the court. R.C. 2941.29. Here, appellant did not object to the indictment prior to trial, nor did he object when he was charged with attempt to commit aggravated arson by information. Therefore, we do not find appellant's third assignment of error well-taken.

### D. Sentencing

{¶ 16} Appellant then argues the trial court abused its discretion when sentencing him to terms of imprisonment on both counts. Appellant argues the trial court did not make the correct findings prior to sentencing him to a prison term. An appellate court may increase, reduce, vacate, or otherwise modify a sentence if it clearly and convincingly finds the record does not support the trial court's findings it is required to make or if the sentence is otherwise contrary to law. *Id.* R.C. 2929.12 requires a trial court to consider factors listed in R.C. 2929.11 before sentencing a defendant who is charged with a felony. These factors include the defendant's past criminal history, the defendant's occupation, and any injury suffered by the victim. R.C. 2929.11. Appellant

8.

argues that because the trial court did not specifically articulate the factors it considered, the trial court did not properly consider the required factors.

{¶ 17} However, the trial court did consider the required factors. The trial court stated it considered the factors in R.C. 2929.11 and its sentencing entry also reflected that the factors were considered. The court also considered the presentence report, as well as appellant's previous criminal charges. The trial court considered appellant's statement to the court and the victim's statement. Finally, the court took into consideration the limited property damage and the fact that no one was injured during the crime. Appellant's sentence was well within the statutory limitations and therefore was not contrary to law. We, therefore, find the trial court properly considered the required factors and find appellant's fourth assignment of error not well-taken.

### III.  Conclusion

{¶ 18} Based on the foregoing reasons, we affirm the decision of the Lucas County Court of Common Pleas. Costs assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

9.

Mark L. Pietrykowski, J.   _____
            JUDGE
Thomas J. Osowik, J.

           _____
Stephen A. Yarbrough, J.       JUDGE
CONCUR.

           _____
            JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.