[Cite as *State v. Kodger*, 2026-Ohio-327.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. H-24-036 |
| Appellee | Trial Court No. CR20240004 |
| v. | |
| Dave Kodger | **DECISION AND JUDGMENT** |
| Appellant | Decided: February 3, 2026 |

* * * * *

James J. Sitterly, Esq. Prosecutor and Melissa Angst,
Assistant Prosecutor for appellee.

Joseph Sobecki, for appellant.

* * * * *

**ZMUDA, J.,**

### I. Introduction

{¶ 1} Appellant, Dave Kodger, appeals the judgment of the Huron County Common Pleas Court, sentencing him to an aggregate prison term of 27 years following a negotiated guilty plea. Finding no error, we affirm.

### II. Background and Procedural History

{¶ 2} Kodger was charged in a 71-count indictment arising from sexual conduct with three minor victims, all nieces of Kodger. The indictment included 22 counts of

gross sexual imposition, felonies of the fourth degree, 10 counts of illegal use of a minor in nudity-oriented material or performance, felonies of the second degree, 10 counts of abduction, felonies of the third degree, nine counts of kidnapping, felonies of the first degree, five counts of rape, felonies of the first degree, five counts of gross sexual imposition, felonies of the third degree, four counts of compelling prostitution, felonies of the third degree, four counts of sexual battery, felonies of the third degree, and two counts of bribery, felonies of the third degree.

{¶ 3} The alleged conduct occurred when Kodger would travel for his business of delivering boats, RVs, or vehicles to customers. Kodger traveled out of state and made one trip to Canada, and the trips included overnight stays in motels/hotels. The victims took turns accompanying Kodger on his trips, and Kodger admitted to renting hotel rooms with one bed. During these trips, he gave the victims drugs, alcohol, and sleep aids in the hotel room and admitted to showering with the victims. Kodger also admitted to performing oral sex on one victim, and another victim told investigators of a time she awoke to Kodger performing oral sex on her. Kodger also took photographs of the victims.

{¶ 4} At the time of his arrest, Kodger expressed confusion over the charges involved with one of the victims, claiming he had a valid contract for sexual favors with his older niece, that she knew what she was doing, and he had done nothing illegal. The youngest niece was the primary target of Kodger's abuse, reporting similar gifts for sexual favors, and that she was alone with Kodger on too many trips to count and

2.

endured numerous instances of sexual contact with Kodger. Each of the victims received gifts from Kodger, and the gifts-for-sexual-favors arrangement was one that Kodger had previously had with the victim's mother, Kodger's sister.

{¶ 5} After extensive plea negotiations, Kodger agreed to enter guilty pleas to one count of sexual battery, as amended, in violation of R.C. 2907.03(A)(2) and (B), two counts of sexual battery, as amended, in violation of R.C. 2907.03(A)(5) and (B) each a felony of the third degree; three counts of bribery, as amended, in violation of R.C. 2921.02(C) and (E), each a felony of the third degree; and six counts of gross sexual imposition in violation of R.C. 2907.05(A)(1) and (C)(1), each a felony of the fourth degree. The amended counts removed sexually violent predator specifications, pursuant to R.C. 2941.148(A) and a specification for forfeiture of property, pursuant to R.C. 2941.1417(A). The amendment to one count of sexual battery corrected the code section to conform with the indictment. None of the amendments increased the penalty or the degree of the offense, with the amendments to eliminate specifications in Kodger's favor.

{¶ 6} The written plea agreement contained a stipulation that none of the offenses would be subject to merger, as the acts occurred on separate days or required a separate animus or involved a separate victim. The plea agreement represented one count of sexual battery for each victim, one count of bribery for each victim, and two counts of gross sexual imposition for each victim. In return for entering his plea, the State agreed to dismiss the remainder of the 71 counts in the indictment and attendant specifications.

3.

{¶ 7} At the plea hearing, the trial court conducted a complete Crim.R. 11 colloquy with Kodger, who indicated he had reviewed the written plea agreement with his counsel, understood his rights and the terms of his plea, and it was his wish to enter his plea. The trial court addressed Kodger's possible, aggregate sentence, noting each sexual battery charge had a potential 12 to 60-month prison sentence, each bribery charge had a potential 9 to 36-month prison sentence, and each gross sexual imposition charge had a potential 6 to 18-month prison sentence. The trial court then informed Kodger that he faced a potential aggregate prison sentence of up to 33 years, should the trial court order Kodger's sentence to run consecutively. Consistent with the written stipulation in his plea, Kodger did not raise the issue of merger during the plea hearing. The trial court, also, made no mention of the written stipulation that merger did not apply to any of the counts.

{¶ 8} At the time of plea, the trial court addressed Kodger's appellate rights, as follows:

> The Court: Do you understand you would also lose the right to appeal a guilty verdict?
> The Defendant: Yes, sir.
> The Court: You still may have some rights of appeal that could apply. Any appeal that [you] would wish to file, you would have to do so by filing a notice with our Clerk of Courts office within 30 days from the date of the judgment entry that imposes your sentence.
> Do you understand that?
> The Defendant: Yes.

{¶ 9} As to the terms of his plea, the trial court addressed Kodger's understanding of those terms as follows:

4.

The Court: Are you satisfied with [your attorney's] advice and her competence?

The Defendant: Yes.

The Court: Has she provided you with a written copy of the plea agreement?

The Defendant: Yes, sir.

The Court: Have you had a chance to review that with her?

The Defendant: Yes, sir.

The Court: Do you believe you understand all of the terms and conditions that are set out in that agreement?

The Defendant: Yes, sir.

The Court: Do you believe it's in your best interests to enter into the plea?

The Defendant: Yes.

The Court: Now other than what we've discussed here, the entering of the plea as to the charges listed, dismissal of the remainder based on those pleas, the return here for sentencing on September 18th where all parties would have the opportunity then to argue the appropriate sentence, other than those things, have there been any other threats or promises that have been made to you by your attorney, the State's representative, or the Court to cause you to enter into the plea?

The Defendant: No, sir.

The court accepted the plea, found Kodger guilty, and continued the matter for sentencing.

{¶ 10} At sentencing, the State presented victim impact statements from the victim's paternal grandmother, paternal aunt, and one of the victims. All described the trauma endured at the hands of Kodger, the continuing issues resulting from his conduct, and the fact Kodger would have known of the victims' history of prior abuse and used that knowledge in committing the offenses. All requested a lengthy prison sentence.

{¶ 11} The State argued for consecutive, maximum sentences, noting Kodger's admissions to some of the offenses, including more serious offenses that were not

addressed by the plea. The State noted that maximum sentences would create an appealable issue but argued it was worth the additional basis for appeal. The State indicated that the only reason it entertained a plea was the concern that a trial would further traumatize the victims. The State further noted that the details Kodger provided in the investigation corroborated the victims' claims, and Kodger did not accept any blame for his conduct. The State argued that Kodger considered himself the victim because he claimed an agreement for sex with one of the victims and he believed the girls' prior victimization at the hands of juvenile offenders went unpunished, making his own prosecution unfair. The State noted Kodger's history with his sister, the victims' mother, and argued that Kodger is a predator who will continue to prey on minor children, demonstrating he is a danger to the community.

{¶ 12} Kodger, through his attorney, emphasized the sexual abuse Kodger had experienced from a young age, and that this sexual abuse was generational. Kodger's trial counsel noted that Kodger was molested by his uncle and cousin, and his mother is an abuse survivor herself. Kodger's attorney advocated for a prison term of four-and-a-half years, with therapy to address Kodger's own trauma and the mental health issues that contributed to his offenses.

{¶ 13} Kodger spoke on his own behalf. He talked about his own history of abuse, as a victim beginning at the age of 12, and characterized the victims and their mother as manipulative and vindictive, providing sexual favors for money and nice things and attacking their benefactor when the money and nice things stopped. Kodger denied

6.

committing rape, while admitting to supplying his oldest niece with alcohol while on work trips. Kodger characterized the victims as the ones initiating any sexual contact. He also argued that his wife and child needed his financial support, and he advocated for a community control sentence that would address his mental health issues and permit him to remain employed and with his family.

{¶ 14} In considering the appropriate sentence, the trial court noted there were multiple victims, and all the victims were underage. The trial court addressed the "disastrous effects" of Kodger's conduct on the victims, his relationship to the victim's, and Kodger's lack of remorse and tendency to blame the victims, stating, "[I]t's particularly disturbing the number of occasions and the opportunities that you would have had to reflect on the activities that you were doing, and still continued to do them over and over and over again." The trial court determined, based on Kodger's statements at sentencing, that he did not accept responsibility for his conduct and he posed a likely risk for reoffending.

{¶ 15} After considering the factors under R.C. 2929.11 and 2929.12, and the trial court sentenced Kodger to a prison term of 54 months as to each count of sexual battery, 24 months as to each count of bribery, and 15 months as to each count of gross sexual imposition. After addressing the findings under R.C. 2929.14(C), the trial court ordered the sentences to be served consecutively, for an aggregate prison term of 27 years. The trial court designated Kodger as a Tier III Sex Offender and advised him of his registration and residency requirements. As to appellate rights, the trial court stated:

7.

As far as your rights of appeal, there's no automatic right of appeal here. You may have some limited rights of appeal that could apply. Any appeal that you would wish to file, you need to do so by filing a notice with our Clerk of Courts office within 30 days from the date of the judgment entry that imposes your sentence.

Following imposition of sentence, the trial court journalized the judgment on September 19, 2024, providing the following as to appellate rights: "The Court advised the Defendant of the limited right of appeal and that the appeal must be filed within thirty (30) days of the date of the judgment entry of sentencing."

{¶ 16} Kodger filed a timely appeal of the judgment.

### III. Assignment of Error

{¶ 17} On appeal, Kodger argues the following errors and issues for review:

1. The trial court erred by accepting the defendant's plea because it was not knowingly, voluntarily, and intelligently entered.
   a. Did the Defendant knowingly, intelligently, and voluntarily understand that he was giving up the right to argue merger at sentencing?
   b. Did the Defendant understand what the amended charges were that he was pleading guilty to when he entered his plea?

2. The trial court erred by informing the defendant that he did not have an automatic right to appeal.
   a. Did the trial court inform the Defendant that he did not have an automatic right to appeal at sentencing?
   b. Did the Defendant have an automatic right to appeal his sentence?
   c. Does the trial court's error require that the Defendant be resentenced?

### IV. Analysis

{¶ 18} In his first assignment of error, Kodger argues that he did not knowingly and intelligently enter his guilty plea because the document was amended during the plea

8.

hearing and the trial court failed to address merger at his plea hearing. Appellee, the State of Ohio, disputes this argument, noting the parties agreed on the corrections to the plea, and the amendments removing specifications were changes in Kodger's favor. The State, furthermore, notes that Kodger stipulated in writing that "none of the offenses are subject to merger as the acts occurred on separate and/or required a separate animus to commit each offense and involved three separate victims."

{¶ 19} First, as to amendments, the trial court amended the plea form to reflect one count of sexual battery in violation of R.C. 2907.03(A)(2) and (B). The plea form originally specified R.C. 2907.03(A)(5) and (B) for this count, but was corrected to show the count was pursuant to R.C. 2907.03(A)(2) and (B), as originally indicted, with the amendment also omitting the attached sexually violent predator specification and the specification for forfeiture of property, a 2010 Silver Ford Truck and Black 21 Ultra Samsung Galaxy cellphone as contraband used in the offense. Kodger argues that his plea could not be knowing and intelligent when it was unclear which Revised Code section applied. The record demonstrates no merit for this argument.

{¶ 20} The trial court amended Count 6 on the plea document to reflect the correct statutory provision, as charged in the indictment, after addressing Kodger's plea to three counts of sexual battery with no designation regarding the specific code sections applicable to each count. There was no objection from Kodger to the amendments and Kodger executed the plea form. Furthermore, the amendment was simply a correction of a clerical error, apparent on the face of the plea form, and was within the trial court's

9.

authority. *See, e.g., State v. Mercer,* 2025-Ohio-1158, ¶ 35 (6th Dist.) (finding clerical error on jury verdict form could be corrected by court exercising inherent authority "where the record is clear that the indictment document charged the correct statute"). Additionally, the change neither increased the penalty nor the degree of the offense, so it did not amount to a substantive amendment. *State v. Fast,* 2021-Ohio-2548, ¶ 135 (11th Dist.), citing *State v. Rohrbaugh,* 2010-Ohio-3286, ¶ 9 (amendment to the charge results in reversible error only where the amendment increases the penalty or degree of the offense charged). Considering this record, Kodger agreed with the amendment, the amendment reflected the charge as it appeared in the indictment, and the trial court was merely correcting a clerical error, apparent on the face of the plea form.

{¶ 21} Next, Kodger argues that his stipulation in the written plea form did not waive his right to argue in favor of merger of the counts at sentencing, and the trial court therefore erred in failing to address merger at his plea hearing and at sentencing. However, Kodger does not separately argue that merger would have been appropriate at sentencing, and more significantly, Kodger did not raise the issue when the trial court informed him during the plea colloquy of his potential maximum prison term if his sentence for each count was ordered to be served consecutively. In response, the State argues that merger was not appropriate and that, in failing to raise the issue in the trial court, Kodger is barred by operation of res judicata from raising the issue on appeal.

{¶ 22} As an initial matter, we note that res judicata would not apply in this instance. "Under the doctrine of res judicata, a final judgment of conviction bars a

10.

convicted defendant who was represented by counsel from raising and litigating in any proceeding, ***except an appeal from that judgment***, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis added) *State v. Perry,* 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Thus, the issue is one of waiver, and not res judicata.

{¶ 23} The State argues that Kodger affirmatively waived the issue of merger with his written stipulation that the offenses are not subject to merger. The State further argues that Kodger forfeited any rights to merger by failing to raise the issue of merger in the trial court. Considering the record, Kodger waived the issue by his written stipulation and understood his potential sentence could include consecutive sentences for each charge.

{¶ 24} The law is clear that a guilty plea "waives all nonjurisdictional defects in prior stages of the proceedings." *State v. Rogers,* 2015-Ohio-2459, ¶ 19, quoting *Ross v. Auglaize Cty. Court of Common Pleas,* 30 Ohio St.2d 323-324 (1972) (additional citation omitted.). However, "merger of allied offenses occurs at sentencing, a *subsequent* stage of the proceedings." (Emphasis in original) *Rogers* at ¶ 19, citing *State v. Whitfield,* 2010-Ohio-2, ¶ 18. Thus, a guilty plea does not generally preclude a determination regarding merger of allied offenses. *Rogers* at ¶ 19.

{¶ 25} In this case, however, Kodger waived consideration of merger. Waiver involves the "intentional relinquishment or abandonment of a known right." *State v. Quarterman,* 2014-Ohio-4034, ¶ 15, quoting *United States v. Olano,* 507 U.S. 724, 733

11.

(1993) (additional citations omitted.). "It is possible for an accused to expressly waive the protection afforded by R.C. 2941.25, such as by 'stipulating in the plea agreement that the offenses were committed with separate animus.'" *Rogers* at ¶ 20, citing *State v. Underwood,* 2010-Ohio-1, ¶ 29. The record, here, contains Kodger's written stipulation in his plea form.

{¶ 26} Kodger does not dispute he executed the plea form, which included an express waiver of the protections of R.C. 2941.25 concerning merger for purposes of sentencing.  Kodger also did not seek to withdraw his plea at any time, either during the plea hearing or the sentencing hearing, in which the trial court imposed consecutive sentences without consideration of merger. Finally, Kodger did not raise the issue of ineffective assistance of counsel, claiming his trial counsel failed in her explanation of the plea form.

{¶ 27} Kodger limits his argument to the trial court's failure to explain his potential rights regarding merger, after he affirmatively waived those rights as part of his plea and informed the trial court he reviewed that plea with counsel and understood the terms. *See, e.g., State v. Hamilton,* 2022-Ohio-967, ¶ 12 (6th Dist.) (issue of merger is waived where written plea agreement stipulates that counts do not merge).[1]  Kodger cites

---

[1] Unlike the facts in *Hamilton,* neither Kodger nor his trial counsel expressed confusion over the issue of merger at sentencing, articulating a belief that consecutive sentences were unavailable to the court based on application of merger of the offenses, and the issues on appeal do not concern any claimed ineffective assistance of counsel related to the plea. *See Hamilton,* 2022-Ohio-967, at ¶ 51, Zmuda, J. dissenting.

to no authority that negates the written waiver if the trial court does not specifically reference the waiver as part of the Crim.R. 11 colloquy, and, more significantly, Kodger does not argue that merger would apply to any of his offenses, with no dispute that the offenses involved three victims, were committed separately, or were committed with separate animus.

{¶ 28} Kodger, furthermore, identifies no deficiency in the plea colloquy that would render his plea unconstitutional as an unknowing, unintelligent, or involuntary plea. *See State v. Gowdy,* 2025-Ohio-5575, ¶ 18, citing *State v. Dangler,* 2020-Ohio-2765, ¶ 10; *State v. Engle,* 74 Ohio St.3d 525, 527 (1996) (a plea must be knowing, intelligent, and voluntary, and the "[f]ailure on any of those points renders enforcement of the plea unconstitutional"). Kodger does not dispute that the trial court provided all required notifications under Crim.R. 11(C) and limits his challenge to the trial court's failure to address his stipulation as part of his written plea agreement. While best practice would include addressing written stipulations included in the plea on the record, Kodger demonstrates no failure by the trial court in conducting the Crim.R. 11 colloquy as required by the Rule. Where a trial court has complied with the requirements of Crim.R. 11, "a defendant claiming that his guilty plea was not knowingly, intelligently, and voluntarily entered is required to show prejudice." *Gowdy* at ¶ 21, citing *Danger* at ¶ 16.

{¶ 29} Here, Kodger does not argue that merger would have applied at sentencing. Kodger also does not address any prejudice that resulted from the trial court's failure to explain his stipulation that merger would not apply, when considered in context with the

13.

facts recited during the plea hearing. In other words, because Kodger entered his guilty pleas for offenses that were clearly not subject to merger, the failure of the trial court to address the written stipulation at hearing resulted in no prejudice.

{¶ 30} Considering the record, therefore, we find Kodger entered his plea knowingly, intelligently, and voluntarily, with no error by the trial court in accepting that plea. Kodger's first assignment of error, accordingly, is not well-taken.

{¶ 31} In his second assignment of error, Kodger argues that the trial court erred in informing him he had no automatic right of appeal, stating instead that Kodger had a limited right of appeal. Kodger argues that this court should not be "tempted" to find harmless error, even though he perfected a timely appeal. The State, in contrast, argues that any error was harmless error.

{¶ 32} As noted by the parties, the trial court informed Kodger he may have a limited right to appeal and indicated the time in which Kodger must perfect any appeal. Kodger perfected a timely appeal. Thus, any error by the trial court in providing notice of appellate rights under Crim.R. 32(B) resulted in no prejudice to Kodger. "[A]ll twelve Ohio appellate districts hold that this error is harmless where the defendant either files a timely appeal or the court of appeals accepts a delayed appeal. *State v. Dudley,* 2025-Ohio-1715, ¶ 13 (6th Dist.), quoting *State v. Herbert,* 2019-Ohio-5092, ¶ 14 (7th Dist.) (citing cases). Essentially, Kodger's exercise of his right to appeal "mitigates any prejudice from the trial court's error." (Citation omitted) *Id.* at ¶ 13.

14.

**{¶ 33}** Therefore, even presuming error by the trial court in providing notice under Crim.R. 32(B), Kodger demonstrates no prejudice based on the record, resulting in only harmless error. Thus, we need not dissect the trial court's recitation of Kodger's rights, relative to his right to appeal, and find his second assignment of error not well-taken.

## V. Conclusion

**{¶ 34}** Finding substantial justice has been done, we affirm the judgment of the Huron County Common Pleas Court. Kodger is ordered to pay the costs of this appeal pursuant to App.R. 24.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, P.J.
_____
JUDGE

Christine E. Mayle, J.
_____
JUDGE

Gene A. Zmuda, J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.