[Cite as *State v. Schoenlein*, 2018-Ohio-1653.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                        Court of Appeals No. WD-17-031

        Appellee                                 Trial Court No. 16 CR 167

v.

Thomas Schoenlein                            **DECISION AND JUDGMENT**

        Appellant                                Decided:  April 27, 2018

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Joseph C. Patituce, Megan M. Patituce and Catherine R. Meehan,
for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a May 9, 2017 judgment of the Wood County Court

of Common Pleas, in which appellant was found guilty following a jury trial of one count

of rape, in violation of R.C. 2907.02, a felony of the first degree, one count of

kidnapping, in violation of R.C. 2905.01, a felony of the first degree accompanied by a sexual motivation specification, in violation of R.C. 2941.174, and one count of abduction, in violation of R.C. 2905.02, a felony of the third degree.

{¶ 2} Following these convictions, appellant was sentenced to a four-year term of incarceration and classified as a Tier III sexual offender. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Thomas Schoenlein, sets forth the following six assignments of error:

1: THE STATE ENGAGED IN MULTIPLE INSTANCES OF PROSECUTORIAL MISCONDUCT WHICH INFRINGED UPON DEFENDANT'S CONSTITUTIONAL RIGHTS AND COMPROMISED THE INTEGRITY OF THE VERDICT.

2: THE STATE OF ELICITED IMPROPER BOLSTERING EXPERT TESTIMONY FROM DETECTIVE HARTMAN WITHOUT LAYING A PROPER FOUNDATION.

3: THE STATE PRESENTED INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AS TO THE SEXUAL MOTIV [I] ATION SPECIFICATION.

4: DEFENDANT'S CONVICTION[S] W[ERE] AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

2.

5: TRIAL COUNSEL'S PERFORMANCE WAS SO INEFFECTIVE THAT IT AFFECTED THE OUTCOME OF THE TRIAL AND VIOLATED DEFENDANT'S SIXTH AMENDMENT RIGHTS.

6: THE CUMULATIVE EFFECT OF THE ERRORS IN THIS CASE SUBSTANTIALLY AFFECTED THE OUTCOME AND VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHTS BY DENYING HIM A FAIR TRIAL.

{¶ 4} The following undisputed facts are relevant to this appeal. On January 17, 2016, late at night shortly after local bars had closed, a minor female residing with her family in Bowling Green took the family dog outside as the dog needed to go to the bathroom.

{¶ 5} While the girl was outside with the family dog, she was approached by appellant. Appellant had spent the night consuming alcohol at various local bars and was walking past the victim's home when he observed her outside. Although appellant initially suggested that the victim approached him to make sure he knew where he was going, he later conceded that he actually approached the victim ostensibly seeking directions.

{¶ 6} Appellant began flirting with the victim and engaging in sexually suggestive conversation. Appellant conveyed to the victim that he wanted to kiss her. She declined. Appellant nevertheless persisted in pursuing the victim sexually, told her that no one would find out, and forcibly kissed the victim.

3.

{¶ 7} Appellant's unlawful sexual conduct quickly escalated. Appellant, a strong college football player, easily overpowered the victim. Appellant pushed the victim against cars parked in the driveway, hustled the victim to the rear of the home, placed her upon a small table, ripped the victim's shirt off, pulled her skirt down, and raped her.

{¶ 8} The victim repeatedly told appellant to stop. The rape was interrupted shortly thereafter by the victim's father who had come outside searching for his daughter.

{¶ 9} The victim's father chased appellant on foot. Appellant's pants were unbuckled, and down around his legs as he attempted to flee the scene. The distraught victim retreated into her home where she told her sister what had occurred.

{¶ 10} The victim was later transported to Wood County Hospital where she was examined by a sexual assault nurse examiner ("SANE") and DNA samples were recovered and prepared for evidentiary testing.

{¶ 11} The Bowling Green Police Department was contacted, appellant was caught in the vicinity, and taken into custody. Appellant initially denied that any sexual conduct occurred between himself and the victim. Appellant made multiple factual misrepresentations of the events to the investigating officers.

{¶ 12} Following subsequent DNA testing positively identifying appellant's DNA having been recovered from the victim's vaginal fluid, underwear, and skin samples, appellant conceded to sexual intercourse with the victim. Appellant now unpersuasively claimed that the late night intercourse with the random girl he happened upon outside

4.

while walking past her home as she took the family dog out to relieve itself was consensual.

{¶ 13} On April 7, 2016, appellant was indicted on one count of rape, in violation of R.C. 2907.02, a felony of the first degree, one count of kidnapping, in violation of R.C. 2905.01, a felony of the first degree accompanied with a sexual motivation specification, and one count of abduction, in violation of R.C. 2905.02, a felony of the third degree.

{¶ 14} On March 15, 2017, the matter proceeded to jury trial. On March 16, 2017, the jury found appellant guilty on all counts. A presentence investigation was ordered. On May 8, 2017, appellant was sentenced to a four-year term of incarceration and was classified as a Tier III sexual offender. This appeal ensued.

{¶ 15} In the first assignment of error, appellant sets forth an array of alleged instances of prosecutorial misconduct and asserts that the alleged misconduct fatally compromised the verdict. We do not concur.

{¶ 16} It is well-established that, "[P]rosecutors are entitled to considerable latitude." *State v. Holbrook*, 6th Dist. Huron No. H-14-003, 2015-Ohio-4780, ¶ 40. In conjunction with this, the Ohio Supreme Court has consistently held that statements by prosecutors may not be interpreted so as to be, "[G]iven their most damaging meaning." *State v. Hill*, 75 Ohio St.3d 195, 661 N.E.2d 1068 (1996).

{¶ 17} In support of the first assignment, appellant asserts that it was somehow fatally prejudicial for the prosecutor to state during opening arguments, "[H]e's a young, good-looking man who was popular in high school, a sports star * * * He was used to

5.

getting all the girls he wanted." Appellant goes on to argue that, "The state painted a picture in opening statement of a football star swimming in women."

{¶ 18} Notably, appellant himself emphasized his prowess and status as a college football player in falsely suggesting during the investigation that it was nonsensical for the investigating officers to believe that he had engaged in sexual activity with the victim.

{¶ 19} We have thoroughly reviewed and considered the record of evidence. We find appellant's characterization of the prosecution of this case strained and unconvincing. We are not persuaded by appellant's suggestion that the state somehow improperly capitalized upon claimed current national outrage against sexual misconduct by national sports heroes given appellant's status as a former football player at a local college.

{¶ 20} Among the numerous additional instances of alleged prosecutorial misconduct, appellant asserts that it was improper of the prosecution to elicit testimony from the treating SANE nurse regarding her opinion of the level of physical intrusiveness of a SANE examination as somehow illicitly designed to, "[E]nflame the jury."

{¶ 21} Appellant maintains that the proceedings were somehow fatally compromised based upon the prosecutor noting in closing arguments that the timing of appellant's reversal in position from initially stating that no sexual conduct occurred to subsequently conceding to vaginal intercourse coincided with a positive DNA match.

6.

{¶ 22} Appellant unconvincingly portrays these statements in closing arguments as somehow unlawfully attacking appellant's constitutional right to remain silent despite appellant's voluminous, voluntary testimony on his own behalf.

{¶ 23} Appellant ultimately concludes by generically maintaining that the, "State took every opportunity to attack defendant." Appellant concludes that the numerous claimed acts of prosecutorial misconduct created cumulative and fatal prejudice in the proceedings. Our review of the record does not bear out appellant's position. The record reflects no improper prosecutorial conduct, either separately or cumulatively. Wherefore, we find appellant's first assignment of error not well-taken.

{¶ 24} In appellant's second assignment of error, appellant contends that the prosecution improperly bolstered expert testimony via portions of the testimony of the police detective assigned to this case. We do not concur.

{¶ 25} Evid.R. 702(A) establishes that expert testimony is mandated when the subject matter is, "[B]eyond the knowledge or experience possessed by lay persons."

{¶ 26} In support of the second assignment, appellant relies on the contention that the detective did not specifically testify as to possessing specialized training specific to sexual assault investigations and sexual assault victim interviews.

{¶ 27} The record reflects testimony showing that during the detective's quarter of a century of experience with the Bowling Green Police Department, the detective had engaged in thousands of hours of training on a multitude of subjects, had been involved in excess of 100 sexual assault cases, and had a wealth of experience interacting with

7.

literally thousands of individuals in varying capacities in his police investigatory capacity.

{¶ 28} Furthermore, it is well-established the police officers do not need to be specifically qualified as expert witnesses as a precondition to testifying regarding the conduct of rape victims. *State v. Leigh*, 6th Dist. Ottawa No. OT-16-028, 2017-Ohio-7105, ¶ 24. We find appellant's second assignment of error not well-taken.

{¶ 29} In appellant's third assignment of error, appellant contends that there was insufficient evidence to support the sexual motivation specification component of appellant's kidnapping conviction. We do not concur.

{¶ 30} Appellant's third assignment of error is fundamentally premised upon a clerical error in the jury verdict form which inaccurately reflected the incident date to be June 17, 2016, rather than the actual date of January 17, 2016.

{¶ 31} It is well-established that in cases where the sufficiency of the evidence is being challenged, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any reasonable trier of fact could have found the elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 374 N.E.2d 492 (1991).

{¶ 32} This court has consistently concluded that an error which is strictly clerical does not constitute grounds for reversal. *State v. Miller*, 6th Dist. Lucas No. L-00-1018, 2000 Ohio App. LEXIS 6068 (Dec. 22, 2000). We find appellant's third assignment of error not well-taken.

8.

**{¶ 33}** In appellant's fourth assignment of error, appellant contends that his convictions were against the manifest weight of the evidence. We do not concur.

**{¶ 34}** When determining whether a conviction is against the manifest weight, the appellate court must review the record, weigh the evidence and all reasonable inferences, consider witness credibility and determine, in resolving evidentiary conflicts, whether the trier of fact clearly lost its way such that a manifest miscarriage of justice resulted. *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).

**{¶ 35}** In support of the fourth assignment of error, appellant summarily maintains that the alleged improper conduct via improper testimony, as well as appellant's assertions in support of the earlier assignments of error, establish that the jury lost its way and that a manifest miscarriage of justice occurred. We do not concur.

**{¶ 36}** Given our adverse determinations in response to appellant's prior assertions of prejudicial prosecutorial misconduct, prejudicial and fatal error via disputed witness testimony, and prejudicial evidentiary determinations, we likewise conclude that the record is devoid of evidence demonstrating that a manifest miscarriage of justice occurred in this case. We find appellant's fourth assignment of error not well-taken.

**{¶ 37}** In appellant's fifth assignment of error, appellant maintains that trial counsel was fatally ineffective. We do not concur.

**{¶ 38}** It is well-established that in order to prevail on a claim of ineffective assistance of counsel, it must be demonstrated both that trial counsel's conduct was deficient in certain regards, and that but for those demonstrated deficiencies, the outcome

9.

of the matter would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 39} In support of the fifth assignment of error, appellant predominantly relies upon the propriety of the claimed instances of prosecutorial misconduct set forth in the first assignment of error, as well as the alleged error of trial counsel not objecting to polygraph references.

{¶ 40} Based upon our adverse determination in response to appellant's first assignment of error, the curative limiting instruction given in regards to the polygraph, and our review of this entire matter, we find that appellant has failed to establish that, but for claimed errors of trial counsel, the outcome of this case would have been different. We find appellant's fifth assignment of error not well-taken.

{¶ 41} In appellant's sixth assignment of error, appellant contends that cumulative prejudicial error has been demonstrated to have denied appellant a fair trial in this case. We do not concur.

{¶ 42} The merit of appellant's sixth assignment of error is contingent upon the legitimacy of appellant's prior claims of errors throughout this case. Given our adverse findings in response to appellant's earlier claims, we find appellant's sixth assignment of error not well-taken.

10.

**{¶ 43}** Wherefore, based upon the foregoing, we find that substantial justice has been done in this case. The judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

James D. Jensen, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.