[Cite as *State v. Mercer*, 2025-Ohio-1158.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio

    Appellee

v.

Alexander J. Mercer

    Appellant

Court of Appeals No. S-24-006

Trial Court No. 22 CR 1032

**DECISION AND JUDGMENT**

Decided: March 31, 2025

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Otero, Assistant Prosecuting Attorney, for appellee.

Joseph C. Patituce, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from the judgment by the Sandusky County Court of

Common Pleas, General Division, which sentenced appellant, Alexander J. Mercer, to 12

months in prison for importuning and 18 months for attempted unlawful sexual conduct

with a minor, to run concurrently, after a jury convicted him of those offenses. For the

reasons set forth below, this court affirms the trial court's judgment.

**{¶ 2}** Appellant sets forth the following seven assignments of error:

1. Appellant's conviction for complicity to unlawful sexual conduct with a minor, as reflected upon the verdict form, was not supported by sufficient evidence as no evidence was introduced at trial to prove complicity beyond a reasonable doubt as required by both the United States Constitution and our Ohio Constitution.

2. Appellant's conviction pursuant to R.C. 2907.04(B)(3) was against both the manifest weight of the evidence as well as the sufficiency of the evidence as no admissible evidence was introduced to establish that Appellant was ten or more years older than the purported victim in this matter.

3. Appellant's conviction for Importuning was not based upon sufficient evidence as the State failed to prove his age beyond a reasonable doubt.

4. Appellant's conviction for the attempted unlawful sexual conduct with a minor in violation of R.C.2923.02 and 2907.04(A) must be vacated because they are factually and legally impossible when the purported victim is a police officer posing as a child when, unlike a violation of R.C. 2907.07, there is no statutory exception that permits a police officer to be substituted legally as the victim.

5. Appellant's conviction for Importuning was not supported by sufficient evidence as venue was not established beyond a reasonable doubt when Appellant's conduct occurred approximately seventy-five miles away from where the trial took place and there was no testimony as to where the detective was located when he interacted with Appellant.

6. The Trial Court erred to Appellant's prejudice when it denied Appellant's motion to dismiss Count Two and then when it suggested to the State that it should amend its indictment after the close of the State's case as Count Two of the Indictment contained factual and legal errors of which the amendment changed the nature or identity of Count Two.

7. Appellant was deprived of the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and our Ohio Constitution.

## I. Background

**{¶ 3}** On January 6, 2023, a Sandusky County Grand Jury indicted appellant on one count of importuning, a violation of R.C. 2907.07(D)(2), and a fifth-degree felony under R.C. 2907.07(F)(3), and one count of attempted unlawful sexual conduct with a minor, a violation of R.C. 2923.02(A) and 2907.04(A), and a fourth-degree felony under

2.

R.C. 2907.04(B)(3) and 2923.02(E)(1). Each count added a forfeiture of property specification under R.C. 2941.1417(A), 2981.02, and 2981.04. Appellant entered not-guilty pleas, and the matter proceeded to a jury trial.

{¶ 4} Prior to trial, appellant filed a motion to suppress all evidence derived from the warrantless seizure of his cell phone on October 31, 2022, during an interview at the Fremont Police Department. After holding a hearing and receiving testimony from one witness and admitting four exhibits into evidence, along with the parties' arguments, the trial court denied appellant's motion to suppress.

{¶ 5} During the two-day trial, the jury received testimony from six witnesses: two Fremont police officers, appellant's half-sister and father, an expert in digital forensic analysis, and appellant. The trial court also admitted 33 exhibits into evidence, including photos, videos, documents, personal lubricant, and appellant's cell phone.

{¶ 6} To summarize appellee's case, on October 31, 2022, appellant, age 37, used his cell phone and a social networking platform to solicit and secure a sexual encounter with a girl he believed was 15 years old but, instead, was a Fremont police officer. After appellee rested its case, appellant sought Crim.R. 29 dismissal of all charges, to which appellee objected. The trial court denied appellant's motion to dismiss.

{¶ 7} Appellant then presented his case. In summary, appellant routinely used social network platforms to find women 10 to 15 years younger than he to date. He believed that photos women posted on those social network platforms were filtered to make them look younger, thinner, and prettier than in real life. Using his cell phone, appellant arranged to meet the 15-year-old girl in the picture thinking it was a prank or a

3.

fantasy or a role play. He was not planning on having sex, even if the girl turned out to be a legal adult. He thought the whole exchange was silly and played along on the chance that the meet up could lead to a lasting relationship.

{¶ 8} Before appellant formally rested his case, he again sought Crim.R. 29 dismissal of attempted unlawful sexual conduct with a minor, to which appellee objected. The trial court denied appellant's motion to dismiss but identified that while the indictment correctly cited R.C. 2923.02, 2907.04(A), and 2907.04(B)(3) for the offense of attempted unlawful sexual conduct with a minor, the indictment incorrectly quoted the statute when it stated, "a law enforcement officer posing as a fifteen year old female, who was not the spouse of the offender," but in all other aspects was materially correct. Appellee then sought to amend the indictment to delete the surplus language under Crim.R. 7(C), which the trial court granted over appellant's objection.

{¶ 9} After deliberations, the jury convicted appellant of both offenses. The trial court subsequently sentenced appellant to 12 months in prison for importuning and 18 months for attempted unlawful sexual conduct with a minor, to run concurrently.

{¶ 10} Appellant timely appealed. We will address appellant's assignments of error out-of-order.

## II. Sufficiency and Manifest Weight of the Evidence

{¶ 11} Appellant's first, second, third, fourth and fifth assignments of error collectively argue appellee failed to meet its burden to produce sufficient evidence beyond a reasonable doubt to convict him of importuning, attempted unlawful sexual conduct with a minor, and complicity to unlawful sexual conduct with a minor.

4.

Appellant's second assignment of error also argues appellant's conviction for attempted unlawful sexual conduct with a minor was against the manifest weight of the evidence.

{¶ 12} "The test for sufficiency of the evidence is 'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" (Citation omitted.) *State v. Worley*, 2021-Ohio-2207, ¶ 57.

{¶ 13} "To evaluate a manifest-weight claim, we must review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of all the witnesses." *State v. McKelton*, 2016-Ohio-5735, ¶ 328. We must decide if the jury clearly lost its way in resolving conflicts in the evidence to create a manifest miscarriage of justice such that the conviction must be reversed and a new trial ordered. *Id.* A manifest-weight claim questions the effect of the evidence in inducing belief of appellant's guilt by questioning whether the jury could find the inclination of a greater amount of credible evidence was admitted at trial to sustain that decision than not. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). The discretionary power to grant a new trial is in the exceptional case in which the evidence weighs heavily against the conviction. *Id.* The unanimous concurrence of all three judges of a court of appeals panel is required to overturn, on the weight of evidence, a judgment that results from a jury. *Id.* at 389.

## A. Importuning

{¶ 14} With respect to the elements of importuning, R.C. 2907.07(D)(2) states:

> No person shall solicit another by means of a telecommunications device . . . to engage in sexual activity with the offender when the offender is eighteen years of age or older and . . . The other person is a law

enforcement officer posing as a person who is less than thirteen years of age, and the offender believes that the other person is less than thirteen years of age or is reckless[1] in that regard.

{¶ 15} In support of his third assignment of error, appellant argues his conviction for importuning must be reversed because appellee failed to prove with sufficient evidence his age beyond a reasonable doubt. We disagree. On January 24, 2024, appellant testified at trial in his own defense. When asked, "And what's your current age?" appellant replied, "I'm 38 now." Thus, according to that benchmark, on October 31, 2022, appellant was 36 years old by his own admission.

{¶ 16} Appellant's third assignment of error is not well-taken.

{¶ 17} In support of his fifth assignment of error, appellant argues his conviction for importuning must be reversed because appellee failed to prove with sufficient evidence venue and the court's jurisdiction beyond a reasonable doubt as required by R.C. 2901.12. Appellant argues that the cell phone communications admitted at trial did not also prove where the communications originated and were received. We disagree and find that the trial court located in Sandusky County was a proper venue.

{¶ 18} "R.C. 2901.12 contains the statutory foundation for venue." *State v. Draggo*, 65 Ohio St.2d 88, 90 (1981).

---

[1] Under R.C. 2901.22(C), "A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist."

6.

{¶ 19} Appellant admitted to using his cell phone to commit the importuning offense. R.C. 2901.12(I)(1) defines the appropriate venue when telecommunications devices and services are involved in a crime:

> When the offense involves a computer, computer system, computer network, telecommunication, telecommunications device, telecommunications service, or information service, the offender may be tried in any jurisdiction containing any location of the computer, computer system, or computer network of the victim of the offense, in any jurisdiction from which or into which, as part of the offense, any writing, data, or image is disseminated or transmitted by means of a computer, computer system, computer network, telecommunication, telecommunications device, telecommunications service, or information service, or in any jurisdiction in which the alleged offender commits any activity that is an essential part of the offense.

{¶ 20} The undercover Fremont police officer testified that he communicated via phone with appellant while the officer was on duty in Fremont, Sandusky County, Ohio: "We communicated via text message and he offered to engage in sexual conduct after I disclosed my age of 15. He traveled to the City of Fremont, and he was arrested and then interviewed." Appellant confirmed at trial that his phone number was the same phone number communicating with the person he believed was the 15-year-old girl.

{¶ 21} Appellant testified his communications with the undercover Fremont police officer on October 31, 2022, occurred via his cell phone while he was shopping at Meijer near his home in Findlay, Hancock County, then while at home in Findlay preparing to travel to Fremont to meet the underage girl, and then during the ride to Fremont. The messages retrieved from his cell phone, which were printed and shown to the jury, included statements he made to the 15-year-old girl that, among others, he is "horny," will bring personal lubricant to their meeting, and will "lick her pussy and ass first."

7.

{¶ 22} When asked at trial, "how did you know she was 15?" appellant replied, "I acknowledged it after I got in my 4Runner." Appellant further admits that he travelled in his 4Runner vehicle from Findlay to Fremont and, upon nearing the arranged meeting place in Fremont, he was stopped by a police "takedown team" and then arrested and interviewed by the undercover Fremont police officer. During his interview, appellant voluntarily signed a written consent to the search of his cell phone, which was admitted into evidence without objection.[2]

{¶ 23} Appellant's fifth assignment of error is not well-taken.

{¶ 24} Based on the foregoing, we find that sufficient evidence was submitted to the fact-finder such that, after viewing the evidence in a light most favorable to appellee, any rational trier of fact could have found the essential elements of the crime of importuning.

## B. Attempted Unlawful Sexual Conduct with a Minor

{¶ 25} With respect to the elements of unlawful sexual conduct with a minor, R.C. 2907.04(A) states, "No person who is eighteen years of age or older shall engage in sexual conduct with another when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard." With respect to the attempt of that offense, R.C. 2923.02(A) states, "No person,

---

[2] The consent document signed by appellant is entitled, "Fremont Police Department Voluntary Consent for Forensic Search of Computer/Phone/Electronic Devie/Digital Media," is dated October 31, 2022, and states appellant's date of birth is July 27, 1985.

8.

purposely[3] or knowingly,[4] and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." In addition, R.C. 2907.04(B)(3) states, "Whoever violates this section is guilty of unlawful sexual conduct with a minor. . . . [and] if the offender is ten or more years older than the other person, unlawful sexual conduct with a minor is a felony of the third degree."[5]

{¶ 26} In support of his second assignment of error, appellant argues his violation of R.C. 2907.04(B)(3) must be reversed because appellee failed to prove with sufficient evidence that he was ten or more years older than the purported victim. We disagree. Appellant's age at the time of the offense was 36, and he drove to Fremont to meet a 15-year-old girl seeking a sexual encounter. Their age difference is more than 10 years.

{¶ 27} Also in his second assignment of error, appellant argues his conviction for violating R.C. 2907.04(B)(3) was against the manifest weight of the evidence. We disagree.

{¶ 28} In light of the testimony and evidence previously discussed, we find that any rational factfinder could have found the inclination of a greater amount of credible

---

[3] Under R.C. 2901.22(A), "A person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature."
[4] Under R.C. 2901.22(B), "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature."
[5] Under R.C. 2923.02(E)(1), "Whoever violates this section is guilty of an attempt to commit an offense. . . . An attempt to commit any other offense is an offense of the next lesser degree than the offense attempted."

9.

evidence was admitted at trial than not to induce the fact-finder's belief of appellant's guilt for violating R.C. 2907.04(B)(3). We find no exceptional instance from the record where the evidence admitted at trial weighs heavily against the conviction. Just because appellant testified at times that he did not know the girl he was to meet was only 15 years old does not mandate a factfinder believe him. Appellant admitted he did not inform the police that he thought he was playing a game or engaged in a fantasy. We find the admitted evidence supports inducing a factfinder's belief of appellant's guilt that appellant attempted sexual conduct with a minor. We do not find the jury clearly lost its way in resolving conflicts in the evidence to create a manifest miscarriage of justice such that the conviction must be reversed and a new trial ordered.

{¶ 29} Appellant's second assignment of error is not well-taken.

{¶ 30} In support of his fourth assignment of error, appellant argues his violations of R.C. 2907.04(A) and 2923.02 must be reversed because appellee failed to prove with sufficient evidence that the purported victim actually existed. Appellant argues that it is "factually and legally impossible" for appellee to meet its burden by having a police officer pose as the purported victim. We disagree.

{¶ 31} It is undisputed that when appellant met the undercover Fremont police officer on October 31, 2022, he did not actually have sexual conduct with a 15-year-old girl. However, despite belatedly claiming he was simply participating in a prank or a fantasy role play, appellant admitted he is over 18 years old and drove from Findlay to Fremont intending to meet a 15-year-old girl hoping for a sexual encounter. Under R.C. 2923.02(B), "It is no defense . . . the object of the attempt was either factually or legally

10.

impossible . . . if that offense could have been committed had the attendant circumstances been as the actor believed them to be."

{¶ 32} Appellant's fourth assignment of error is not well-taken.

{¶ 33} Based on the foregoing discussion, we find that sufficient evidence was submitted to the fact-finder such that, after viewing the evidence in a light most favorable to appellee, any rational trier of fact could have found the essential elements of the crime of attempted unlawful sexual conduct with a minor.

## C. Verdict Form

{¶ 34} In support of his first assignment of error, appellant argues his conviction for violating R.C. 2923.03 must be reversed because appellee failed to prove with sufficient evidence that he was complicit to unlawful sexual conduct with a minor. Appellant argues that the verdict form for attempted unlawful sexual conduct with a minor listed the wrong statute for that offense: R.C. 2923.03, rather than R.C. 2923.02. Despite the rest of the verdict form twice stating the offense as "attempted unlawful sexual conduct with a minor," appellant argues that an error within the four-corners of the verdict form means he was, instead, convicted of complicity to unlawful sexual conduct with a minor for which there was insufficient evidence. Citing to *State v. Pelfrey*, 2007-Ohio-256, syllabus ("Pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense"), appellant argues it is reversible error where appellee did not "ensure the verdict forms are accurate for the crimes they are

11.

prosecuting." We reject appellant's claim that for count No. two he was convicted of complicity to unlawful sexual conduct with a minor rather than attempted unlawful sexual conduct with a minor.

{¶ 35} Appellee points out that under Crim.R. 7(B), a typographical error in the numerical designation of a statute is not grounds for reversing a conviction absent a showing of prejudice, which appellee argues appellant has not shown. Appellee also points to Crim.R. 36 that clerical mistakes in the record or errors in the record arising from oversight or omission may be corrected by the trial court at any time. We agree the error here is a clerical one, apparent on the face of the verdict form, and does not involve a legal decision or judgment. *State v. Carswell*, 2021-Ohio-3379, ¶ 26 (6th Dist.). The correction of the clerical error is within the trial court's authority where the record is clear that the indictment document charged the correct statute, R.C. 2923.02, not R.C. 2923.03; the evidence presented at trial fit within R.C. 2923.02; and the jury was instructed on the correct elements for R.C. 2923.02. *Id.* at ¶ 27. This court has held that a strictly clerical error on a jury verdict form, such as here, does not constitute grounds for reversal. *State v. Schoenlein*, 2018-Ohio-1653, ¶ 32 (6th Dist.), citing *State v. Miller*, 2000 WL 1867404, *3 (6th Dist. Dec. 22, 2000). We find that is the case here.

{¶ 36} We also find appellant's reliance on *Pelfrey* to support his argument is misplaced. Appellant did not object in the record to the jury-verdict form's error. We employ plain-error analysis "when a defendant fails to raise an objection to a verdict form's alleged noncompliance with R.C. 2945.75(A)(2)." *State v. Mays*, 2024-Ohio-4616, ¶ 23. R.C. 2945.72(A)(2) states, "When the presence of one or more additional

12.

elements makes an offense one of more serious degree . . . a guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."

{¶ 37} Here, it is undisputed that the reference to R.C. 2923.03, rather than R.C. 2923.02, on the verdict form for count No. two was a typographical error. The grand jury indictment referenced R.C. 2923.02 when identifying the offense: attempted unlawful sexual conduct with a minor. The evidence presented at trial was for the offense of attempted unlawful sexual conduct with a minor, not complicity. The trial court instructed the jury on the offense of attempted, not complicit, unlawful sexual conduct with a minor. The jury deliberated on, and completed the verdict form for, the offense of attempted unlawful sexual conduct with a minor, not complicity. The typographical error on the verdict form in no manner affected the outcome of the jury's decision.

{¶ 38} Furthermore, we find no prejudice to appellant. Under R.C. 2907.04(B)(3), appellant's offense was a third-degree felony, but R.C. 2923.02(E)(1) reduced it to a fourth-degree felony. It is undisputed that appellant was sentenced for a fourth-degree felony, not a third-degree felony, an outcome that is consistent with the outcome available under R.C. 2945.72(A)(2).

{¶ 39} Under plain-error analysis we find neither an obvious defect in the trial proceedings from a deviation from a legal rule, nor find the typographical error affected appellant's substantial rights. *Mays* at ¶ 27.

{¶ 40} Appellant's first assignment of error is not well-taken.

13.

### III. Ineffective Assistance of Counsel

**{¶ 41}** In support of his seventh assignment of error, appellant argues that his trial counsel was ineffective for two reasons: failing to object to the admission of a particular piece of evidence and failing to make a "general Crim.R. 29 challenge to all of the State's case."

**{¶ 42}** In support of his sixth assignment of error, appellant argues the trial court erred when it denied his trial counsel's specific Crim.R. 29 motion to dismiss count No. two, attempted unlawful sexual conduct with a minor.

### A. Presumption of Licensed Attorney's Competence

**{¶ 43}** An ineffective assistance of counsel claim must overcome the strong presumption that a properly licensed Ohio lawyer is competent. *State v. Hamblin*, 37 Ohio St.3d 153, 155-56 (1988). Appellant offers no evidence that his trial counsel was not licensed to practice law in Ohio, and his competence is presumed.

**{¶ 44}** To overcome his trial counsel's presumption of competence, appellant has the burden to show both: (1) deficient performance by his trial counsel below an objective standard of reasonable representation, and (2) a reasonable probability of prejudice that but-for his trial counsel's errors, the outcome would have been different, i.e., that a jury would not have convicted him of felonious assault and aggravated menacing. *Id.* at 156, citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If appellant fails to meet either prong of the *Strickland* test, it is not necessary for us to engage in an analysis of the other prong. *State v. Bradley*, 42 Ohio St.3d 136, 143 (1989), citing *Strickland* at 697.

14.

## B. Deficient Performance

{¶ 45} For the first *Strickland* prong, appellate scrutiny of trial counsel's performance is highly deferential. *Id.* at 142, citing *Strickland* at 689. Debatable trial tactics generally do not constitute ineffective assistance of counsel. *State ex rel. Mango v. Ohio Dept. of Rehab. & Correction*, 2022-Ohio-1559, ¶ 24.

{¶ 46} Appellant's arguments for his trial counsel's ineffectiveness relate back to other assignments of error we have already decided. Appellant initially argues his trial counsel "failed to object to the detective's testimony regarding the date of birth on the evidence ticket." However, appellant's second and third assignments of error challenged the sufficiency of the evidence determining appellant's age, both of which we found were not well-taken. Appellant's age was established at trial by his own testimony and was not reliant on the undercover Fremont police officer's testimony at trial. Even if appellant's trial counsel had objected to the admission of a particular piece of evidence as appellant now argues, other evidence established appellant's age.

{¶ 47} Appellant next argues his trial counsel failed to make a "general Crim.R. 29 challenge to all of the State's case." We disagree. Appellant's trial counsel twice moved for dismissal under Crim.R. 29: first for both charges at the close of appellee's case, and then specifically for attempted sexual conduct with a minor at the close of appellant's case. Those motions for acquittal/dismissal under Crim.R. 29(A) are governed by the same standard as a challenge to the sufficiency of evidence supporting a conviction at trial. *State v. Tenace*, 2006-Ohio-2417, ¶ 37. Consequently, appellant's first, second, third, fourth, and fifth assignments of error challenged the sufficiency of the

15.

evidence at trial to support appellant's convictions, all of which we previously found were not well-taken.

{¶ 48} We do not find, under the first prong of the *Strickland* test, a deficient performance by appellant's trial counsel below an objective standard of reasonable representation. We do not find that appellant met his burden to establish that his trial counsel's performance was ineffective.

{¶ 49} Appellant's seventh assignment of error is not well-taken.

### C. Crim.R. 29 Motion

{¶ 50} Related to his trial counsel's second Crim.R. 29 motion to dismiss count No. two, appellant argues for his sixth assignment of error that the trial court committed reversible error for two reasons: first, for denying the motion, and, second, for granting appellee's subsequent motion to amend that indictment over appellant's objection.

{¶ 51} As a preliminary matter, we find no trial court error for denying the second Crim.R. 29 motion, given we previously found not well-taken appellant's first, second, and fourth assignments of error challenging the sufficiency of the evidence at trial to support appellant's conviction for attempted unlawful sexual conduct with a minor.

{¶ 52} Next, we find no trial court error for granting appellee's motion to amend the indictment for attempted unlawful sexual conduct with a minor. The trial court made its decision pursuant to Crim.R. 7(D), which states:

> The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the

16.

indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury.

**{¶ 53}** According to the Ohio Supreme Court, "Crim.R. 7(D) does not permit the amendment of an indictment when the amendment changes the penalty or degree of the charged offense," *State v. Davis*, 2008-Ohio-4537, ¶ 9. Here, there was no change to the name and identity of the charge for attempted unlawful sexual conduct with a minor and no change to the penalty or degree of the charged offense as a fourth-degree felony. *State v. Rohrbaugh*, 2010-Ohio-3286, ¶ 9. "As long as the state complies with Crim.R. 7(D), it may cure a defective indictment by amendment, even if the original indictment omits an essential element of the offense with which the defendant is charged." *State v. Pepka*, 2010-Ohio-1045, ¶ 15.

**{¶ 54}** Our inquiry on appeal is whether the original indictment was sufficient to charge appellant with fourth-degree attempted unlawful sexual conduct with a minor. *Id.* at ¶ 19. If we find the original indictment was sufficient, then the trial court did not err in granting appellee's motion to amend the indictment. *Id.*; *State v. Troisi*, 2022-Ohio-3582, ¶ 21-25 (no trial court error to amend an indictment to provide necessary information to place defendant on notice of the nature and cause of the accusation and an opportunity to defend).

17.

**{¶ 55}** This is the relevant portion of the original indictment:

> Alexander J Mercer, on or about the 31st day of October, 2022, in the county of Sandusky aforesaid, was eighteen years of age or older, to wit: Alexander J Mercer was born on 07/27/1985, and did attempt to engage in sexual conduct with another person, *a law enforcement officer posing as a fifteen year old female, who was not the spouse of the offender,* when the offender knew the other person was thirteen years of age or older but less than sixteen years of age, or the offender was reckless in that regard, to wit: the law enforcement officer represented himself as a fifteen year old female in violation of Ohio Revised Code §2923.02/§2907.04(A), 2907.04(8)(3), Attempted Unlawful Sexual Conduct With A Minor, a felony of the fourth degree. (Emphasis added.)

Here, the amended indictment to count No. two did not change the citations to the statutes for attempted unlawful sexual conduct with a minor, a fourth-degree felony. Rather, the amendment cured a defect of surplus language incorrectly attributing to R.C. 2907.04(A) the following phrase: "a law enforcement officer posing as a fifteen year old female, who was not the spouse of the offender." The amended indictment neither changed the substance of the indictment nor varied the proof required under R.C. 2907.04(A). We find no trial court error and no prejudice to appellant by the amendment.

**{¶ 56}** Appellant's sixth assignment of error is not well-taken.

## IV. Conclusion

{¶ 57} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas, General Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

_____

Gene A. Zmuda, J.
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.